IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HAROLD V. BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: _____5:13-CV-432_____ |
| v. | ) | |
| | ) | |
| O'NEIL TRANSPORTATION | ) | |
| SERVICES OF GEORGIA, INC., | ) | COMPLAINT AND |
| d/b/a/ Transportation Services, Inc., | ) | DEMAND FOR JURY TRIAL |
| JAMES A. BUTLER, JR., Plant | ) | |
| Manager, and BILL MOODY, | ) | |
| Plant Supervisor. | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff Harold V. Barnes, by and through his undersigned

counsel, and files this Civil Complaint and Demand for Jury Trial against

Defendants O'Neil Transportation Services of Georgia, Inc., d/b/a Transportation

Services, Inc. (hereinafter referred to as "TSI"), James A. Butler, and Bill Moody

(collectively referred to as "Defendants").   In support of his Complaint, Plaintiff

alleges as follows:

## JURISDICTION AND VENUE

1.

This is an action for race discrimination brought under and in accordance with 42 U.S.C. § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964), as amended (hereinafter collectively referred to as "Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and pursuant to the related state law claim of negligent hiring and retention under O.C.G.A §34-7-20.

2.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this is an action arising under the U.S. Constitution and/or laws of the United States, and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment action alleged herein was committed in the Middle District of Georgia.

3.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

4.

This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202, and Federal Rule of Civil Procedure Rule 57.

5.

Venue in the Middle District of Georgia, Macon Division is proper under 28 U.S.C. § 1391(b) and (c) because one or more Defendants reside in this District and all Defendants are residents of the State of Georgia; and because all acts, events, and omissions giving rise to this Complaint occurred within this District.

## THE PARTIES

6.

Plaintiff Harold Barnes is African-American, a citizen of the United States, and a resident of Macon, Georgia.

7.

At all times relevant to this action, Mr. Barnes was an "employee" of TSI, as defined by Title VII.

8.

Upon information and belief, Defendant TSI is a foreign for-profit corporation incorporated in the state of Alabama, with its principal place of business in Birmingham, Alabama.

9.

TSI is licensed to engage in and actively engages in and operates the business of rail transportation services and repair within the State of Georgia, to include the Middle District of Georgia.

10.

Upon information and belief, TSI maintains and operates three offices in the state of Georgia including Franklin, GA (TSI Wansley), Cartersville, GA (TSI Bowen), and Juliette, GA (TSI Scherer).

11.

TSI's business and operations affect commerce in the state of Georgia.

12.

At all times relevant to this litigation, Defendant TSI was an "employer" within the meaning of Title VII.

13.

Service may be perfected on Defendant TSI through its registered agent CT Corporation System, 1201 Peachtree Street, N.E., Atlanta GA 30361.

14.

Upon information and belief, Defendant James A. Butler, Jr. (a/k/a Jimmy Butler) is Caucasian, a citizen of the United States, and a resident of Georgia.

15.

At all times relevant to this litigation, Defendant Butler was the Plant Manager at TSI (TSI Scherer) in Juliette, GA.

16.

As a Plant Manager, Butler had the authority to make hiring, firing, disciplinary, and promotion decisions, and oversaw the general day-to-day operations and business at the Scherer Plant.

17.

Defendant Butler may be served with summons and process by service upon his person at the TSI Scherer location, located at Hwy 87 Holly Grove Rd., Juliette, GA 31046.

18.

Upon information and belief, Defendant Bill Moody is Caucasian, a citizen of the United States, and a resident of Georgia.

19.

At all times relevant to this litigation, Defendant Moody was the Plant Supervisor at TSI (TSI Scherer) in Juliette, GA.

20.

As a Foreman, Moody had the authority to make hiring, firing, disciplinary, and promotion decisions, and oversaw the general day-to-day operations and business at the Scherer Plant.

21.

Defendant Moody may be served with summons and process by service upon his person at the TSI Scherer location, located at Hwy 87 Holly Grove Rd., Juliette, GA 31046.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22.

Plaintiff was subjected to a discriminatory termination on November 18, 2010.

23.

Plaintiff properly exhausted his administrative remedies pursuant to Title VII by filing a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 28, 2011, less than 180 days after he was terminated.

24.

The EEOC issued Notice of Plaintiff's Right to Sue on August 21, 2013.

25.

This lawsuit is timely filed within 90 days of the EEOC's issuance of
Plaintiff's Notice of Right to Sue.

## UNDERLYING FACTS

26.

Mr. Barnes was employed by Defendant TSI from November 1, 2009
through to his termination on November 18, 2010, over one year.

27.

Mr. Barnes was employed as a welder and worked at the TSI Scherer plant,
in Juliette, Georgia.

28.

TSI contracted with Georgia Power to provide train repair services at the
TSI Scherer location.

29.

On November 18, 2010, Mr. Barnes was attacked by another TSI employee,
Dusty Campbell, who struck Mr. Barnes with a glass bottle.

30.

Campbell also threatened Mr. Barnes, stating that Mr. Barnes "would not
make it home alive."

31.

Prior to the incident on November 18, 2010, Campbell brought a gun on the premises at the TSI Scherer Plant and showed the gun to several of his co-workers, including Mr. Barnes.

32.

Being aware of the fact that Campbell had previously brought a gun on the premises, Mr. Barnes feared for his safety and left the premises immediately following the altercation on November 18, 2010.

33.

Upon leaving, Mr. Barnes called the Georgia Power plant security office to inform them that Campbell had, or previously had, a gun on the premises.

34.

 Following the incident, that same day, Defendant Butler told Mr. Barnes that he was terminated, effective immediately, allegedly because of the altercation between Mr. Barnes and Campbell.

35.

Mr. Barnes made multiple attempts to explain what happened and to tell his side of the story; however, Defendants Butler and Moody refused to listen to Plaintiff.

36.

Despite attacking Mr. Barnes with a glass bottle, Campbell, a Caucasian, remained employed with TSI.

37.

Campbell was not disciplined and/or was subject to less or a disproportionate level of discipline despite his involvement in the same altercation as Plaintiff.

38.

Defendants Butler and Moody treated Plaintiff less favorably than other Caucasian employees and gave Caucasian employees preferential treatment, including without limitation, as it relates to promotion decisions and opportunities to work over time.

39.

In engaging in the unlawful conduct giving rise to this Complaint, the Defendants acted willfully, wantonly, and intentionally to harm Plaintiff and deny Plaintiff his federally protected rights.  Alternatively, the Defendants acted with reckless disregard for Plaintiff and his federally protected rights.

40.

As a direct and proximate cause of the Defendants' above-described conduct and unlawful employment practices, Plaintiff has suffered and continues to suffer damages, including without limitation, loss of wages and benefits, other economic loss associated with the loss of employment, lost opportunity for promotion, and income, and emotional distress and suffering.

## COUNT I – Race Discrimination in Violation of Title VII
### (against Defendant TSI only)

41.

Plaintiff re-asserts and incorporates by reference each of the preceding paragraphs 1 through 40 as if set forth fully herein for this claim for relief.

42.

Plaintiff Harold Barnes belongs to a protected class: African-American.

43.

Plaintiff's race was a factor in TSI's decision to terminate Plaintiff.

44.

Defendants violated the Plaintiff's rights under Title VII by terminating Plaintiff on account of his race.

45.

Other employees outside of the Plaintiff's protected class were subject to less or no discipline despite engaging in substantially similar behavior.

46.

Defendant TSI is responsible for the actions of its employees, including its supervisors and managers.

47.

Defendants' actions were willful, wanton and intentionally directed to harm Mr. Barnes and/or were taken with reckless disregard for Mr. Barnes' federally protected rights.

48.

Defendant TSI knew or should have known of the illegal conduct and failed to protect Plaintiff's federally protected rights.

49.

All conditions precedent to filing this Civil Action have been completed and/or met.

50.

Plaintiff is entitled to an award of back pay and benefits, compensatory and punitive damages, injunctive relief, attorney's fees, and any and all other

appropriate damages, remedies, and relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

### COUNT II – Race Discrimination in Violation of Section 1981
*(against all Defendants)*

51.

Plaintiff re-asserts and incorporates by reference each of the preceding paragraphs 1 through 50 as if set forth fully herein.

52.

Plaintiff's employment with Defendant TSI was a contract as that term is used in 42 U.S.C. § 1981 ("Section 1981").

53.

Defendants violated Plaintiff's rights under Section 1981 by terminating Plaintiff' employment on account of his race.

54.

Defendants' actions were reckless and taken in willful disregard of the probable consequences of their actions.

55.

Plaintiff is entitled to an award of back pay and benefits, compensatory and punitive damages, injunctive relief, attorney's fees, and any and all other

appropriate damages, remedies, and relief available under Section 1981 and all federal statutes providing remedies for violations of 42 U.S.C. § 1981.

## COUNT III – Negligent Hiring, Training, Supervision and/or Retention

56.

Plaintiff re-asserts and incorporates by reference each of the preceding paragraphs 1 through 55 as if set forth fully herein.

57.

At all times relevant to this litigation, the above-mentioned employees, managers and/or supervisors were subject to the direction and control of Defendant TSI.

58.

At all times relevant to this litigation, Defendants Butler and Moody had the power and authority to make hiring, firing, disciplinary, and promotion decisions at the TSI Scherer Plant.

59.

Defendants had a duty to exercise ordinary care in their selection of employees and not to retain employees whom they knew to be incompetent.

60.

Defendants had a duty to know, should have known, and did actually know that the persons responsible for the conduct alleged herein engaged in illegal conduct and/or had a reputation for engaging in unlawful conduct and were not suitable for their particular employment.

61.

Where it was foreseeable that these employees would engage in the illegal conduct alleged herein, Defendants had a duty not to continue their employment.

62.

Notwithstanding the foregoing, Defendants continued the employment of its employees, managers and/or supervisors despite their participation in the illegal conduct.

## COUNT IV – Punitive Damages

63.

Plaintiff re-asserts and incorporates by reference each of the preceding paragraphs 1 through 62 as if set forth fully herein.

64.

Defendants engaged and continue to engage in intentional discriminatory and unlawful conduct with malice and/or reckless indifference to the federally protected rights of Mr. Barnes.

65.

The Defendants' unlawful conduct was intentional and humiliating and evidences a specific intent to harm.

66.

Defendants displayed such willful misconduct, malice, wantonness, oppression, or the entire want of care towards Plaintiff which would raise the presumption of a conscious indifference to the consequences of their actions.

67.

Mr. Barnes is entitled to punitive damages against Defendant TSI under and in accordance with Title VII and against Defendants Butler and Moody in accordance with 42 U.S.C. §1981, in an amount to be determined by a jury to deter Defendants from such wrongful conduct in the future.

68.

Mr. Barnes is also entitled to recover, in addition to compensatory damages, an award of punitive damages under the law of Georgia in order to punish

Defendant TSI or to deter it from repeating such wrongful acts, pursuant to O.C.G.A. §51-12-5.1.

## COUNT VI – Attorneys' Fees and Costs

69.

Plaintiff re-asserts and incorporates by reference each of the preceding paragraphs 1 through 68 as if set forth fully herein.

70.

The misfeasance and wrongful conduct of Defendants evidence such bad faith, vexatiousness, stubborn litigiousness, and was carried out with such a conscious and reckless disregard of the rights of Mr. Barnes that such conduct on the part of Defendant entitles Plaintiff to recover his reasonable costs and expenses, including but not limited to, attorneys' fees pursuant to O.C.G.A. §13-6-11.

71.

Plaintiff is also entitled to attorneys' fees and other costs of litigation pursuant to Title VII and Section 1981.

## DEMAND FOR JUDGMENT
## AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Harold V. Barnes respectfully prays as follows:

(a) That the Court adjudicate and declare that Defendants violated the rights of
Plaintiff Barnes under the federal and state statutes listed above;

(b) That Plaintiff have judgment against Defendants on all counts, in an amount
to be determined at trial;

(c) That Defendants be enjoined from any future discriminatory and unlawful
conduct against the Plaintiff;

(d) That Plaintiff be awarded back pay and front pay, including reimbursement
for lost pay and benefits in amounts to be shown at trial;

(e) That Plaintiff be awarded pre-judgment interest as required by law;

(f) That Plaintiff be awarded any post-judgment interest as required by law;

(g) That Plaintiff be awarded compensatory damages in an amount reasonable
and commensurate with his economic loss suffered as a result of
Defendants' violation of Plaintiff's rights, and for the emotional pain and
suffering imposed by Defendants' intentionally discriminatory acts,  and
punitive damages to the extent awardable under the Counts set forth above;

(h)  That Plaintiff be awarded punitive damages to the full extent permissible by
law under Title VII, 42 U.S.C. § 1981 and Georgia law;

-17-

(i)  That Plaintiff be awarded the expenses of this litigation, including attorney's

fees, expert witness fees, costs, and disbursements; and

(j)  That Plaintiff be awarded any and all other relief deemed equitable, just and

proper by this Court.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands that a jury trial be had as to all issues so

triable in this Complaint.

Respectfully submitted this __15th__ day of November, 2013.

MOZLEY FINLAYSON & LOGGINS, LLP

By: _____

John R. Lowery
Georgia Bar No.  460175
Janine D. Willis
Georgia Bar No. 390356
*Attorneys for Plaintiff*

One Premier Plaza
5606 Glenridge Drive, Suite 900
Atlanta, GA 30342
(404) 256-0700 telephone
(404) 250-9355 facsimile
jlowery@mfllaw.com
jwillis@mfllaw.com

-18-

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and

foregoing **COMPLAINT AND DEMAND FOR JURY TRIAL** with the Clerk of

Court using the CM/ECF system and further certify that I have mailed a true and

correct copy of same to the following counsel of record via the U.S. mail with

proper postage affixed and via electronic mail as follows:

> **Christopher S.  Anulewicz, Esq.**
> **Balch & Bingham, LLP**
> **30 Ivan Allen Jr., Blvd., NW, Suite 700**
> **Atlanta, GA 30308**
> **canulewicz@balch.com**

This the _____ 15th _____ day of November, 2013.

> John R. Lowery
> Georgia Bar No.  460175

MOZLEY, FINLAYSON & LOGGINS, LLP
One Premier Plaza
5606 Glenridge Drive, Suite 900
Atlanta, GA 30342
(404) 256-0700 telephone
(404) 250-9355 facsimile
jlowery@mfllaw.com