# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| HAROLD V. BARNES, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 5:13-CV-432 (CAR) |
| O'NEIL TRANSPORTATION | : | |
| SERVICES OF GEORGIA, INC., | : | |
| d/b/a Transportation Services, Inc.; | : | |
| JAMES A. BUTLER, JR., Plant | : | |
| Manager; and BILL MOODY, Plant | : | |
| Supervisor, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants O'Neil Transportation Services of Georgia, Inc., d/b/a Transportation Services, Inc., James A. Butler, and Bill Moody's Motion to Dismiss Plaintiff's Complaint. Having considered the Motion and the applicable law, Defendants' Motion to Dismiss [Doc. 6] is **GRANTED in part** and **DENIED in part.**

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

claim to relief that is plausible on its face.'"[2] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4]

## BACKGROUND

Construed in the light most favorable to the Plaintiff, the factual allegations in the Complaint are as follows:

Plaintiff Harold Barnes (African American) began working for Defendant O'Neil Transportation Services of Georgia, Inc., d/b/a Transportation Services, Inc. (hereinafter "TSI") as a welder at the TSI Scherer Plant on November 1, 2009, where TSI provides train repair services to Georgia Power.[5] At all relevant times herein, Defendant James Butler, Jr. (Caucasian) was the Scherer Plant Manager, and Defendant Bill Moody (Caucasian) was the Scherer Plant Supervisor.[6] In these capacities, both Butler and Moody had the authority to hire, fire, discipline, and promote employees and were

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Id.*
[4] *Twombly*, 550 U.S. at 556.
[5] Compl. ¶¶ 6, 26-28 [Doc. 1].
[6] *Id.* at ¶¶ 14-15, 18-19.

responsible for the daily business operations at the Scherer Plant.[7] Both Butler and Moody are Caucasian.[8]

On November 18, 2010, another TSI employee, Dusty Campbell (Caucasian), attacked Plaintiff with a glass bottle and threatened him, saying Plaintiff "would not make it home alive."[9] Prior to the day of the assault, Campbell brought a gun to work and displayed it to Plaintiff and other fellow co-workers.[10] Knowing that Campbell previously had a gun at work, Plaintiff immediately left the plant after the assault because he feared for his own safety.[11] Upon leaving, Plaintiff called the Georgia Power plant security office to notify them that Campbell had, or previously had, a gun on the premises.[12]

After Plaintiff's departure, Butler contacted Plaintiff and notified him he was terminated as a result of the altercation with Campbell.[13] Plaintiff attempted multiple times to explain his side of the story, but both Butler and Moody refused to listen to him.[14] Moreover, despite having attacked Plaintiff, TSI did not fire Campbell.[15] TSI did not discipline Campbell at all, or at least, subjected him to a less or disproportionate level

---

[7] *Id.* at ¶¶ 16, 20.
[8] *Id.* at ¶¶14, 18.
[9] *Id.* at ¶¶ 29-30.
[10] *Id.* at ¶ 31.
[11] *Id.* at ¶ 32.
[12] *Id.* at ¶ 33.
[13] *Id.* at ¶ 34.
[14] *Id.* at ¶ 35.
[15] *Id.* at ¶ 36.

of discipline than Plaintiff.[16]  Plaintiff alleges that this incident is symptomatic of Butler and Moody's practice of treating Plaintiff less favorably than other Caucasian employees with respect to promotions and opportunities to work overtime.[17]  Plaintiff further alleges that Defendants acted intentionally to deny Plaintiff his federally protected rights.[18]

On February 28, 2011, Plaintiff filed a timely charge of race discrimination with the Equal Employment Opportunity Commission (the "EEOC") in accordance with Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.[19]  On August 21, 2013, the EEOC issued to Plaintiff his Notice of Right to Sue.[20]  Plaintiff filed suit within ninety (90) days thereafter on November 15, 2013.[21]  In the Complaint, Plaintiff raises claims of (1) race discrimination in violation of Title VII against TSI, (2) race discrimination in violation of 42 U.S.C. § 1981 against TSI, Butler, and Moody, (3) negligent hiring, training, supervision, and/or retention, and (4) punitive damages.

Defendants now move the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Plaintiff responded, and the Motion is now ripe for the Court's review.

---

[16] *Id.* at ¶ 37.
[17] *Id.* at ¶ 38.
[18] *Id.* at ¶ 39.
[19] *Id.* at ¶ 23.
[20] *Id.* at ¶ 24.
[21] *Id.* at ¶ 25.

## DISCUSSION

**I.       Race Discrimination in Violation of Title VII, 42 U.S.C. § 2000e *et seq*.**

First, TSI moves to dismiss Plaintiff's Title VII race discrimination claim because Plaintiff fails to allege that TSI has "fifteen or more employees" as required to qualify as an "employer" within the meaning of Title VII.[22] Not only does Plaintiff fail to allege that TSI has the requisite number of employees, but TSI argues it does not, in fact, have fifteen or more employees.

While Plaintiff does not specifically allege that TSI employs fifteen or more people, he does allege that "[a]t all times relevant to this litigation, Defendant TSI was an 'employer' within the meaning of Title VII."[23] Although the Eleventh Circuit has never addressed this precise issue, a fellow district court has held that alleging the defendant is an employer within the meaning of Title VII is sufficient to survive a motion to dismiss because the complaint refers the reader to Title VII, which puts forth the specific "employer" requirements.[24] This Court agrees. From the Complaint, one can infer that Defendant TSI meets the employee numerosity requirement. Notice pleading does not require the hyper-technical construction TSI urges in this case. Therefore, Plaintiff's Title VII claim may proceed.

---

[22] *See* 42 U.S.C. § 2000e(b).
[23] Compl. ¶ 12.
[24] *Grimsley v. City of Clay*, 2013 U.S. Dist. LEXIS 58070 (N.D. Ala. 2013).

**II.     Race Discrimination in Violation of 42 U.S.C. § 1981**

Second, Defendants argue Plaintiff's Section 1981 race discrimination claim should be dismissed because Plaintiff fails to allege facts showing Defendants acted with discriminatory intent.  "The elements of a claim of race discrimination under 42 U.S.C. § 1981 are . . . the same as a Title VII disparate treatment claim in the employment context."[25]  Thus, Plaintiff must show "(1) [he] is a member of a protected class; (2) [he] was subjected to adverse employment action; (3) h[is] employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) [he] was qualified for the job or job benefit at issue."[26]  In addition, when suing an individual under Section 1981, Plaintiff must make "an affirmative showing linking the individual defendant with the discriminatory action."[27]

Here, the Complaint alleges enough facts showing discriminatory intent on the part of all three Defendants.  Specifically, Plaintiff alleges that both Butler and Moody had the power to hire and fire employees on behalf of TSI.  Butler informed Plaintiff that he had been terminated as a result of the altercation with Campbell, and either Butler nor Moody would listen to Plaintiff's side of the story.  Most tellingly, neither Butler nor Moody fired or disciplined Campbell, a Caucasian, after the assault.  One could infer

---

[25] *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 843 n.11 (11th Cir. 2000).
[26] *Id.* at 842-843.
[27] *Page v. Winn-Dixie Montgomery, Inc.*, 702 F. Supp. 2d 1334, 1354 (S.D. Ala. 2010) (citations omitted).

discriminatory intent from these acts. Therefore, Defendants are not entitled to dismissal of Plaintiff's Section 1981 claim.

### III.     Negligent Hiring, Training, Supervision, and/or Retention

Third, Defendants move to dismiss Plaintiff's negligent hiring/retention claim because Plaintiff fails to allege any facts to establish the elements of his claim. Under Georgia law, "[an] employer is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency[.]"[28] "[L]iability for negligent hiring or retention requires evidence that the employer knew or should have known of the employee's propensity to engage in the type of conduct that caused the plaintiff's injury."[29] Here, Plaintiff's negligent hiring/retention claim fails to state a claim for several reasons.

As a preliminary matter, Plaintiff fails to allege which employee TSI negligently hired or retained. Plaintiff vaguely alleges that "Defendants had a duty to know, should have known, and did actually know that the persons responsible for the conduct alleged herein engaged in illegal conduct and/or had a reputation for engaging in unlawful conduct and were not suitable for their particular employment."[30] Based on this generalized statement, it is unclear whether TSI negligently hired and retained

---

[28] O.C.G.A. § 34-7-20.
[29] *Middlebrooks v. Hillcrest Foods, Inc.,* 256 F.3d 1241, 1247 (11th Cir. 2001) (citing *Alpharetta First United Methodist Church v. Stewart*, 221 Ga. App. 748, 753 (1996)).
[30] Compl. ¶ 60 [Doc. 1].

Butler, Moody, Campbell, or all three. Plaintiff attempts to specify the basis of his claim in his response to the Motion to Dismiss. Specifically, he argues TSI, Butler, and Moody knew of the employees' "illegal conduct," which included (1) Butler and Moody's intentional race discrimination and (2) Campbell's physical assault.[31] The Complaint on its face, however, does not specify which employee forms the basis of his claim, and Plaintiff cannot use arguments in his response brief to amend his Complaint.[32] Because the Complaint does not specify the employee TSI negligently hired or retained, it fails to put the Defendants on notice of the claim.

Even assuming Plaintiff specified an employee, the claim would still fail because Plaintiff fails to allege facts showing TSI had actual or constructive knowledge of Butler and Moody's propensity to racially discriminate or Campbell's propensity towards violence. For example, Plaintiff does not allege TSI received prior complaints about any of these employees.[33] Nor does Plaintiff allege Campbell had a violent criminal history

---

[31] Resp. to Mtn. to Dismiss, pp. 6-7 [Doc. 9].

[32] *See Miccosukee Tribe of Indians of Florida v. United States*, 716 F.3d 535, 559 (11th Cir. 2013) ("[A] plaintiff cannot amend his complaint through argument made in his brief in opposition to the defendant's motion for summary judgment.").

[33] *See, e.g., Palmer v. Stewart Cnty. Sch. Dist.*, 4:04-CV-21 (CDL), 2005 WL 1676701, at *16 (M.D. Ga. June 17, 2005) (granting summary judgment because "Plaintiff has pointed to no evidence to establish that the School District knew or should have known that Dr. Ray had the 'tendency' to engage in race discrimination."); *Bunn-Penn v. S. Reg'l Med. Corp.*, 227 Ga. App. 291, 294 (1997) (affirming grant of summary judgment on negligent hiring and retention claim because there was no evidence, such as prior complaints from patients, to put hospital on notice of employee's propensity to commit sexual assault).

that would put TSI on notice of his violent tendencies.[34] The Complaint alleges that Campbell previously brought a gun to work and showed it to several co-workers. Plaintiff does not suggest, however, that Campbell threatened or pointed the gun at anyone. Simply possessing and showing a gun to another person does not equate to a propensity for violence. Therefore, Plaintiff's negligent hiring and retention claim fails to state a claim and should be dismissed.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss [Doc. 6] is **GRANTED in part** and **DENIED in part**. Plaintiff's Negligent Hiring, Training, Supervision, and Retention claim is **DISMISSED** for failure to state a claim, but Plaintiff's Title VII and Section 1981 claims may go forward.

**SO ORDERED,** this 7th day of May, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP/ssh/bbp

---

[34] *See, e.g.*, *Munroe v. Universal Health Servs., Inc.*, 277 Ga. 861, 865 (2004) (affirming grant of summary judgment on negligent hiring and retention claim because criminal background check revealed no prior convictions or prior criminal activity).